**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**vs.** **CASE NO. 8:24-cr-549-JLB-AEP**

**ARTHUR HUGH CASEY**

**a/k/a "Tony"**
______________________________________/

**REPORT AND RECOMMENDATION**

Before the Court is the question of the Defendant, Aruthur Casey's, ("Defendant") competency to proceed under 18 U.S.C. § 4241. The Defendant requests that the Court find him incompetent to proceed, and the government does not oppose the request. Thus, for the below reasons, it is recommended that the Defendant be found incompetent to proceed.

## I. BACKGROUND

A two-count indictment charges the Defendant with a conspiracy to distribute a quantity of fentanyl, in violation of 21 U.S.C. § 846, and for the possession with intent to distribute a quantity of fentanyl, in violation of 21 U.S.C. § 841(a)(1). On April 9, 2025, the Court entered an Order appointing Dr. Valerie McClain, Psy.D., to examine the Defendant for a competency determination (Doc. 24). On May 5, 2025, Dr. McClain issued a report (Doc. S-30) and determined that the Defendant was not legally competent to stand

trial. The Court conducted a hearing on the matter on May 29, 2025, during which the parties stipulated to Dr. McClain's findings and opinion. Thus, on June 2, 2025, the undersigned entered an order finding that a preponderance of the evidence demonstrated that the Defendant was suffering from a mental disease or defect rendering him mentally incompetent, and remanded the Defendant to the custody of the Attorney General for treatment to determine whether there would be a substantial probability that, in the foreseeable future, the Defendant would attain the mental capacity to permit the proceedings to go forward. (Doc. 39). Upon request of the United States, the Court entered an order extending the Defendant's period of evaluation to Marh 24, 2026. (Doc. 50).

On April 6, 2026, the Acting Warden of the Federal Correctional Complex, Federal Medical Center at Bunter, North Carolina, mailed to the Court a Forensic Evaluation Report signed by Cassondra Morris, Psy.D. and Tracy O'Connor Pennuto, J.D., Ph.D., which concluded that the Defendant is not competent to proceed and is not restorable. (Doc. S-57). Further, under 18 U.S.C. § 4246 the report noted that "the consultants opine [the Defendant] does not meet threshold criteria for civil commitment." (*Id.* at 20). Therefore, a certificate of dangerousness was not recommended to be filed. (*Id.*)

On June 29, 2026, the Court conducted a hearing pursuant to Section 4241, during which the parties stipulated to findings in Dr. Morris' and Dr.

O'Connor's detailed expert report and further agreed to the conclusion that the Defendant is not legally competent to proceed in this matter and is not restorable.

## II. LEGAL STANDARD

"It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975). The federal competency standard is outlined in 18 U.S.C. § 4241:

> If, after [a] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d). This standard requires the court to examine "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960).

Either the defendant or the government may file a motion to determine competency "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of a defendant." 18 U.S.C. § 4241(a). A

defendant requesting a finding of incompetence must demonstrate her incompetence by a preponderance of the evidence. *United States v. Bradley*, 644 F.3d 1213, 1268 (11th Cir. 2011).

## III. ANALYSIS

The uncontroverted evidence before the court includes the expert opinions of Drs. McClain, Morris and O'Connor finding the Defendant legally incompetent to proceed. These findings are stipulated by both the United States and the Defendant. My independent review of this record demonstrates that the Defendant is presently suffering from a major depressive disorder and an unspecified neurocognitive disorder, which interferes with his ability to understand the proceedings against him and to aide counsel in his defense. Further, the record establishes that the unspecified neurocognitive disorder is a lifelong condition which will prohibit a substantial likelihood that the Defendant's competency would be restored. Thus, by a preponderance of the evidence, the Defendant should be found incompetent to stand trial under 18 U.S.C. § 4241.

## IV. CONCLUSION

It is therefore **RECOMMENDED**:

1. The court find the Defendant to be presently suffering from a mental disease or defect rendering him incompetent to stand trial under 18

U.S.C. § 4241 because he is unable to understand the proceedings against him and to aide counsel in his defense;

2. The Court further find there is not a substantial probability in the foreseeable future that the Defendant will attain the capacity to permit the proceedings to go forward; and
3. The Court direct the United States to notify the Court within ten (10) days upon entry of the Court's order on the Defendant's competency to file a notice with the Court on whether it will seek to dismiss this case, or institute proceedings under Title 18, United States Code, Section 4246.

**ENTERED** in Tampa, Florida on July 2, 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

If the parties have no objection to this Report and Recommendation, they may promptly file notices of no objection to expedite the final disposition of the instant motion.